HENRY JERUM, Plaintiff, *v*. MORRIS S. TREMAINE, as Comptroller of the State of New York, and JOSEPH J. CANAVAN and Others, Constituting the Parole Board in the Executive Department, Division of Parole, Defendants.

Supreme Court, Special Term, Albany County. January 29, 1940.

*Liebman, Robbins, Pressman & Leider,* for the plaintiff.

*John J. Bennett, Jr., Attorney-General [Edward J. Gretchen, Assistant Attorney-General,* of counsel], for the defendants.

BERGAN, J. For the purpose of this motion, plaintiff admits the allegation of defendants' answer (¶ 4) that for the fiscal year preceding the one in which plaintiff would be entitled to the statutory increment in salary his services were found to be inefficient and unsatisfactory in accordance with the rules adopted by the Civil Service Commission under the authority of the Civil Service Law.

Harmony and consistency must be spelled out of legislative pronouncements and they must be integrated as far as possible. Section 6 of chapter 859 of the Laws of 1937, re-enacted with some changes not here important by chapter 498 of the Laws of 1938, provided that, notwithstanding the provisions of sections 40 and 41 of the Civil Service Law, as added by the act of 1937, the salary of an employee which was less than the minimum of the grade to which his position is allocated shall be increased annually, by the annual increment of his grade until the salary to which he is entitled is reached.

The Legislature, by this exception to the effect of sections 40 and 41, was dealing with a specific subject, as the context of the statute clearly shows. It was dealing with a situation of salaries below the minimum in the reclassification of grades and it was making provision for reaching that minimum in gradual stages before the general provisions of sections 40 and 41 applied to a particular provision. That, I think, is the extent of the exception provided to the operation of those added sections.

The language itself gives a clue to the intent. The exception must be read in the light of the purpose of the Legislature to " adjust present salaries " to correspond with " the salaries specified in sections forty and forty-one." The exception was designed to meet, and intended only to meet, the problem of filling the gap between the lowest salary of the new grades established and a lower salary actually paid. Its purpose was, as it said, " to adjust " this difference which might otherwise place an immediate, as distinguished from a graduated, increase in the expense of maintaining the civil service. That was the extent to which the new sections, 40 and 41, were excluded from their effect upon positions paying salaries less than the new minima established under those sections.

I do not think annual increases were intended to be paid to one receiving a salary less than the minimum of his grade regardless of all the provisions of sections 40 and 41 other than the amounts

specified. In reaching this interpretation I conclude that if the service of the employee is not satisfactory for the year preceding he is not entitled to the increment for that year whether increment is a step toward the minimum or the maximum for the grade.

Section 41, which was added to the Civil Service Law by the same chapter of the Laws of 1937 that enacted the exception to it, provides that the employee shall receive " the minimum salary of the salary grade * * * unless his services during the year immediately preceding " shall have been found unsatisfactory.

Giving reasonable harmony to these provisions, it would seem to follow that unsatisfactory service for the year preceding results in postponement of the annual increment either in reaching the minimum or above it.

Plaintiff's motion for judgment on the pleadings denied.

Since the affirmative allegations of the answer are deemed denied by the plaintiff upon this motion, the complaint is not dismissed. This is without prejudice to defendants' right to deal upon the trial with the other grounds raised in objection to the complaint, which are not now passed upon in view of the conclusion reached, and in view of the fact that no direct motion is made by defendants addressed to the complaint.

Submit order on or before February 1, 1940.